PER CURIAM.
Appellants seek reversal of their judgment of conviction and sentence based upon a jury verdict finding them guilty of the offense of robbery. Their sole point on appeal challenges the correctness of the trial court’s order denying their motion for a mistrial which was made on the ground that a statement made by the prosecuting attorney in the jury’s presence constituted a comment on appellants’ failure to testify in their own behalf, as proscribed by former, F.S., Section 918.09, F.S.A. now Rule 1.250, R.Cr.P., 33 F.S.A., and the Fifth Amendment to the Constitution of the United States as interpreted in the case of Griffin v. California.[1]
We have carefully reviewed the statement of the prosecuting attorney to which objection was interposed and conclude that, considering the context in which it was made, it amounted to nothing more than a reiteration of the directions which the court had already given to appellants’ counsel as to the manner in which he should present his proof and did not constitute a comment on appellants’ failure to testify in their own behalf. In fact at that point in the trial defendants had just commenced the presentation of their evidence and had examined only one witness in an effort to establish their challenge to the voluntariness of their confessions. Each appellant later voluntarily took the witness *188 stand and testified in his own behalf, and the issue was resolved by the witnesses whom the jury elected to believe.
Having failed to demonstrate reversible error, the judgments appealed are affirmed.
CARROLL, DONALD K., Acting C. J., and WIGGINTON, and RAWLS, JJ-, concur.

. Griffin v. California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106, reh. den. 381 U.S. 957, 85 S.Ct. 1797, 14 L.Ed.2d 739.